IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION

ANDREW A. COLLINS,

    Plaintiff,

v.

REGIONS BANK,

    Defendant.

Case No. _____

(Removed from the Circuit Court for Hamilton County, Tennessee; Case No. 23C939)

## NOTICE OF REMOVAL

Defendant Regions Bank ("Regions") hereby gives notice of its removal of this matter to the United States District Court for the Eastern District of Tennessee in accordance with 28 U.S.C. §§ 1331, 1441, and 1446. As grounds for removal, Regions states as follows:

1. Plaintiff Andrew A. Collins ("Mr. Collins") commenced this action in the Circuit Court of Hamilton County, Tennessee, case number 23C939, naming Regions as Defendant. The summons and complaint were served upon Regions on September 29, 2023.

2. In his complaint, Mr. Collins alleges that Regions discriminated against him when it refused to deposit certain stock certificates, which Mr. Collins asserts violated his rights under the "5th, 13th, 14th, [and] 15th Amendments [to the United States Constitution]," his "Bill of Rights[1] and Due Process," as well as the "1933, 1934 Securities Exchange Commission Act" (15 U.S.C. §§ 77, 78) and Uniform Commercial Code.

---

[1] The United States Supreme Court has clarified that the "first ten amendments, [are] colloquially known as the Bill of Rights." *Knapp v. Schweitzer,* 357 U.S. 371, 375 (U.S. 1958). Thus, Mr. Collins's claim that Regions violated his "Bill of Rights" is essentially a claim that Regions violated his rights under the first ten Amendments to the United States Constitution.

3. Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

4. "The [United States] Supreme Court has previously suggested that 'the presence of even one claim 'arising under' federal law is sufficient to satisfy the requirement that a case be within the original jurisdiction of the district court for removal.'" *Victor Mills v. Household Realty Corp.,* No. 1:16-CV-1821, 2017 U.S. Dist. LEXIS 223559, at *15-16 (N.D. Ga. Jan. 13, 2017) (quoting *Bailey v. Ocwen Loan Servicing, LLC,* No. 1:14-cv-01075-SCJ, 2018 U.S. Dist. LEXIS 220637, 2015 WL 11347684, at *2 (N.D. Ga. Feb. 19, 2015) (citations omitted) (quoting *Wis. Dep't of Corr. v. Schacht,* 524 U.S. 381, 386, 118 S. Ct. 2047, 141 L. Ed. 2d 364 (U.S. 1998)); *see also Lobo v. Celebrity Cruises, Inc.,* 704 F.3d 882, 891 (11th Cir. 2013) (citations omitted) ("Where [] plaintiff[s'] well-pleaded complaint alleges a cause of action arising under federal law, subject matter jurisdiction exists for a federal court to determine whether the allegations entitle [them] to relief.").

5. Even where a "Plaintiff's references to … federal laws are threadbare and hard to discern, as is the rest of his complaint, federal question jurisdiction would nevertheless arise … to the extent it arises under the Constitution, laws, or treaties of the United States." *Young v. PNC Bank, N.A.,* No. 3:16-CV-298, 2016 U.S. Dist. LEXIS 117670, at *3-4 (N.D. Fla. Aug. 2, 2016) (report and recommendation to deny motion for remand) (citing 28 U.S.C. § 1331; *Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 808-09, 106 S. Ct. 3229, 92 L. Ed. 2d 650 (U.S. 1986)), *adopted*, 2016 U.S. Dist. LEXIS 117674 (Aug. 31, 2016). This is true where a complaint, such as the one herein, alleges that a defendant's conduct constitutes discrimination under federal law. *Ludwig v. Ky. Dep't of Military Affairs,* No. 13-174, 2014 U.S. Dist. LEXIS 72239, at *13-15 (E.D. Ky. May 28, 2014) (denying motion to remand because one paragraph of the complaint

noted the discrimination at issue violated federal law: "[defendants] discriminated against Plaintiff … on the basis of their sex" and that "[t]his discrimination IS specifically prohibited by 29 U.S.C. § 206(d)(1) and K.R.S. 337.423(1)"). It is also true where a complaint, such as the one herein, alleges violations of federal securities laws. *CCW Mgmt., LLC v. Global Holdings Grp., LLC*, 4:10-CV-3218, 2011 U.S. Dist. LEXIS 80366, at *4-6 (D.S.C. July 21, 2011) (denying motion to remand, holding federal question jurisdiction existed because plaintiff, with little more, had alleged that "the actions of the Defendants … are in violation of the securities laws of South Carolina and *the United States*," such that "this court unquestionably has subject matter jurisdiction over this case" (emphasis added)).

6. Because the action that Mr. Collins filed in Tennessee state court is a civil action arising under the United States Constitution (purported violations of the "5th, 13th, 14th, [and] 15th Amendments [to the United States Constitution]" and Mr. Collins's "Bill of Rights and Due Process" (the first ten Amendments to the United States Constitution)) and the laws of the United States (namely, the 1933 Securities Act (the "1933 Act," 15 U.S.C. 77a – 77bbbb) and the 1934 Securities Exchange Act (the "1934 Act," 15 U.S.C. 78a – 78rr)),[2] this action is one over which this Court has original jurisdiction under 28 U.S.C. § 1331, and, therefore, may be removed under 28 U.S.C. § 1441(a). To be sure, Mr. Collins has alleged that Regions has violated 15 federal statutes or constitutional amendments.

7. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b) because it is filed within thirty (30) days of Regions' receipt of the summons and complaint.

---

[2] The 1934 Act expressly provides: "The district courts of the United States … shall have exclusive jurisdiction of violations of this title [15 USCS §§ 78a *et seq*.] or the rules and regulations thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by this title [15 USCS §§ 78a *et seq*.] or the rules and regulations thereunder." 15 U.S.C. § 78aa.

8. In accordance with 28 U.S.C. § 1446(a), true and correct copies of all papers filed in the state court action are attached as **Exhibit A** and made a part of this Notice as if fully set forth herein.³

9. In accordance with 28 U.S.C. § 1446(d), a copy of this Notice of Removal is contemporaneously being filed with the Clerk of the Circuit Court of Hamilton County, Tennessee. A copy of the state court notice (without attachments) is attached as **Exhibit B**.

10. In accordance with 28 U.S.C. § 1446(d), written notice of this Notice of Removal is being served on Plaintiff Collins and is attached as **Exhibit C**.

11. If any question arises as to the propriety of the removal of this action, Regions requests the opportunity to present a memorandum of law on this issue and to make oral argument in support of its position that this case is removable.

THEREFORE, Regions respectfully requests that, in accordance with 28 U.S.C. § 1441, the action now pending as case number 23C939 in the Circuit Court of Hamilton County, Tennessee, be removed to this Court, and that this Court proceed with the case as if it were originally initiated in this Court.

HOLLAND & KNIGHT LLP

s/ Todd R. Hambidge
Todd R. Hambidge (TN BPR #028671)
511 Union Street, Suite 2700
Nashville, Tennessee 37219
Tel. 615.244.6380
Todd.Hambidge@hklaw.com

*Attorney for Defendant Regions Bank*

---

³ In accordance with privacy rules for electronically filed documents, undersigned counsel has redacted Collins's Social Security number from the Irrevocable Stock Power and his account number from the Merrill account statement, which were filed as exhibits to his complaint.

# CERTIFICATE OF SERVICE

      I certify that the foregoing has been e-filed using the court's Electronic Case Filing system, and was served upon the following by first-class mail on October 27, 2023:

Andrew A. Collins
1010 N. Chamberlain Ave.
Chattanooga, TN 37406

*Pro se Plaintiff*

                                          s/ Todd R. Hambidge