UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| ANDREW S. COLLINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO.: 1:23-CV-253-KAC-SKL |
| | ) |
| REGIONS BANK, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## ORDER DISMISSING ACTION

Because Plaintiff failed to comply with this Court's Order [Doc. 9], the Court dismisses this action. Defendant removed this action on October 27, 2023 [Doc. 1]. On November 3, 2023, Defendant filed a "Motion to Dismiss" [Doc. 6]. Plaintiff did not respond within twenty-one (21) days. *See* E.D. Tenn. L.R. 7.1(a)(2) ("[P]arties shall have 21 days in which to respond to dispositive motions."). So, on November 28, the Court ordered "Plaintiff to show cause why the Court should not view Plaintiff's failure to respond to Defendant's Motion to Dismiss [Doc. 6] 'as a waiver of any opposition to the relief sought' and dismiss Plaintiff's claims" [Doc. 9 at 1 (emphasis omitted) (quoting E.D. Tenn. L.R. 7.2)]. The Court explicitly warned that "[f]ailure to timely respond to this Order will result in dismissal of this action" [*Id.* (emphasis omitted) (citing *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008))]. Plaintiff did not respond to the Court's Order, and the time to do so has passed.

Under Rule 41(b), the Court may dismiss an action where Plaintiff fails to prosecute or fails to comply with a court order. *See Schafer*, 529 F.3d at 736 (citation omitted) (noting that Rule 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to

prosecute the claim or to comply with the Rules or any order of the court"). The Court, too, has an obligation to ensure that cases do not languish on its docket. *See Link v. Wabash R.R.*, 370 U.S. 626, 629-30 (1962). Therefore, Rule 41(b) "is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties." *See Knoll v. AT&T Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (citation and quotation marks omitted). When considering dismissal of an action under Rule 41(b), a court must assess:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Knoll*, 176 F.3d at 363.

On this record, the Court is compelled to dismiss Plaintiff's claims. Plaintiff has willfully failed to comply with the Court's Order and Local Rules. And Plaintiff has failed to prosecute this action. Defendant has expended time and resources litigating this action, including filing a "Motion to Dismiss" [Doc. 6]. The Court expressly warned Plaintiff that "[f]ailure to timely respond to this Order will result in dismissal of this action" [Doc. 9 at 1 (emphasis omitted) (citing *Schafer*, 529 F.3d at 736)]. Given Plaintiff's failure to comply with the Court's Order, a less drastic sanction is not appropriate. *See Link*, 370 U.S. at 633-34 (affirming the *sua sponte* dismissal of a complaint where plaintiff's counsel had a history of delay in the case). Accordingly, the Court **DISMISSES** Plaintiff's claims with prejudice under Federal Rule of Civil Procedure 41(b).

SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge